UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Ronnie Young, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br>ProCollect, Inc. and<br>John Does 1-25,<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 18-475<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ronnie Young (hereinafter, "Plaintiff" or "Young"), brings this Class Action Complaint by and through his attorneys, The Law Office of Jonathan Kandelshein, against Defendant ProCollect, Inc. (hereinafter "ProCollect"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred.

3. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) as this is where the defendant is primarily located and primarily transacts business.

## NATURE OF THE ACTION

4. Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

5. Plaintiff is seeking damages and declaratory relief.

## PARTIES

6. Plaintiff is a resident of the State of Texas, County of Tarrant, residing at 1701 Homedale Drive, Apt. 1808, Fort Worth, TX 76112.

7. Defendant ProCollect, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 12170 Abrams Rd, Ste 100, Dallas, TX 75243.

8. Upon information and belief, Defendant ProCollect is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals residing in the state of Texas;

    b. who were sent an "offer to settle letter," from Defendant ProCollect;

    c. that harasses the consumer for payment of a debt on which the balance is $0.00; and

    d. that deceptively offers to settle for 50% of the full balance but states that the amount owed is the full balance;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d and l692e.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    f. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    g. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

    h. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    i. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    j. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to July 4, 2017, an obligation was allegedly incurred to the Center of Assisted Reproduction (hereinafter "COAR").

21. The COAR obligation arose out of transactions for medical services which involved the transaction of money, property, insurance or services. These medical services were incurred primarily for personal, family or household purposes.

22. The alleged COAR obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Defendant ProCollect is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

24. Creditor COAR contracted with the Defendant ProCollect to collect the alleged debt.

25. Defendant ProCollect collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – July 4, 2017 Collection Letter*

26. On or around July 4, 2017 the Plaintiff received a collection letter from Defendant. (See Letter attached hereto as Exhibit A).

27. The Letter was an offer to settle the debt for 50% of the balance owed.

28. Defendant's Letter showed that Plaintiff's balance on the account was $0.00 but then attempted to collect $7.50 from him on the debt.

29. The attempt to collect an unowed debt from Plaintiff is a harassing communication from a debt collector.

30. Additionally, Defendant's Letter states "ProCollect will delete your account from your credit report and reduce the balance by 50% if payment of $7.50 is received in our office no later than 8/4/2017."

31. This statement is deceiving and misleading on its face as Defendant's offered "Settlement Amount" is not a reduced offer of settlement, but merely payment in full.

32. Defendant's letter is also a a deceptive tactic to coerce a payment from Defendant on debt for which he doesn't owe.

33. Such language is especially egregious in this specific instance, as the stated "Settlement Amount" is not a reduced offer of settlement at all.

34. Furthermore, Defendant's expiring offer is deceiving and misleading on its face as the Plaintiff is entitled to always make a payment in full, even beyond the stated fourteen day "offer".

35. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.**

§1692d *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

38. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. Defendant engaged in harassing and abuse debt collection methods in sending Plaintiff a collection letter on a fully satisfied debt, in violation of 15 U.S.C. §§1692d.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendants made deceptive and misleading representations when they

(a) communicated to Plaintiff that they would reduce his balance owed by 50% and then stated the full balance was claimed due; and

(b) falsely and deceptively mischaracterized the legal status of the debt allegedly owed in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronnie Young, individually and on behalf of all others similarly situated, demands judgment from Defendant ProCollect, Inc., as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Kandelshein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 11, 2018

Respectfully Submitted,

**THE LAW OFFICE OF JONATHAN KANDELSHEIN**

/s/ Jonathan Kandelshein
Jonathan Kandelshein
TX Bar No. 24094768
18208 Preston Rd, Ste D-9 #256
Dallas, TX 75252
Ph: 469-677-7863
jonathan.kandelshein@gmail.com
*Counsel for Plaintiff Ronnie Young*