IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 21 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| RONNIE YOUNG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, §§§§<br><br>Plaintiff, §§<br><br>VS. §<br> §<br>PROCOLLECT, INC., ET AL., §§<br><br>Defendants. § | NO. 4:18-CV-475-A |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, ProCollect Inc.,[1] for summary judgment. The court, having considered the motion, the response of plaintiff, Ronnie Young, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On June 11, 2018, plaintiff filed his complaint in this action. Doc.[2] 1. In it, plaintiff alleges that defendant is a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Id. ¶ 7. Defendant was retained to collect a debt on behalf of the Center of Assisted

---

[1] The court notes that plaintiff named "John Does 1-25" as additional defendants. The court does not consider, however, that such unidentified persons are parties to this action.

[2] The "Doc. ___" reference is to the number of the item on the docket in this action.

Reproduction ("creditor"). Id., ¶¶ 21-24. On or around July 4, 2017, plaintiff received a collection letter from defendant offering to settle the debt for half the balance owed. Id., ¶¶ 26-27. The letter showed that plaintiff's balance on the account was $0.00, but then attempted to collect $7.50. Id., ¶ 28.

Plaintiff alleges that defendant violated the FDCPA and seeks to recover statutory and actual damages, reasonable attorney's fees and expenses.[3]

II.

Grounds of the Motion

Defendant urges two grounds in support of its motion. First, the FDCPA does not apply to the conduct at issue in this case, which occurred after the debt was paid. And, second, defendant is entitled to the bona fide error defense under 15 U.S.C. § 1692k(c). Doc. 21 at 2.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the

---

[3] Plaintiff filed the action as a class action, but failed to timely file a motion for class certification. The court denied plaintiff's motion to extend the time for seeking class certification. Accordingly, the class allegations are no longer part of the action. Doc. 19.

2

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In **<u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>**, the Fifth Circuit explained:

3

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[4] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Facts Established by Summary Judgment Evidence

The following facts are established by the record:

Defendant was hired by creditor to collect a past due amount of $75.00 owed by plaintiff for services rendered by creditor. Doc. 23 at APX-003. On March 15, 2017, defendant received a letter from plaintiff disputing the debt. In response, defendant sent a verification letter to plaintiff including a copy of the patient statement reflecting the $75.00 owed by plaintiff to creditor. Id. at APX-003, -024 to -026. Defendant changed its

---

[4] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

reporting of the debt to "in dispute." Id. at APX-003, -014. On May 31, 2019, defendant received and processed a payment in the amount of $75.00 from plaintiff. Id. at APX-003, -015. Defendant moved the account into the "paid in full" category. Id. at APX-003, -009, -015.

On June 26, 2017, plaintiff's spouse contacted defendant by phone to seek proof of payment. Doc. 23 at APX-003. The employee who took the call obtained the spouse's email address and emailed a "paid in full" letter addressed to plaintiff to the email address provided. Id. & -015 to -016, -028 to -029. During the process of taking the call and generating the letter, the employee moved the account from the "paid in full" category to the "information request return" category, and neglected to return the account to the "paid in full" category, which had the effect of causing defendant's records to show that the account was active again. Id. at APX-003 to -004, -015 to -016. On July 4, 2017, defendant's system sent a settlement offer letter on the account as a result of it being listed in the wrong category. The letter reflected that the account had a $0.00 balance but listed a collection fee of $7.50 as due. Id. at APX-004, -031.

On July 7, 2017, defendant received a letter from a third-party service, ConsumerDirect, stating that plaintiff believed that the account was being incorrectly reported, since he had

paid the debt in full.[5] Doc. 23 at APX-004, -034. In response, on July 10, 2017, defendant sent another "paid in full" letter to plaintiff. Id. at APX-004, -016, -036. On July 11 and 19, 2017, plaintiff's spouse called defendant to complain about the July 4 letter. Id. at APX-004, -016. A supervisor explained that the account was paid in full, that no balance existed, and that the account would be deleted. Id. at APX-004. The supervisor placed the account in the "SDF" category, meaning "settlement delete." Id. at APX-004, -016. Defendant sent yet another paid in full letter to plaintiff. Id. at APX-004, -039.

Before the July 19, 2017 conversation with plaintiff's spouse, plaintiff initiated complaints with the Better Business Bureau and the Consumer Finance Protection Bureau ("CFPB"). Doc. 23 at APX-004. Defendant responded to both complaints, explaining that the July 4 letter had been sent in error. Id. at APX-004, -041, -044 to -047.

On July 20, 2017, plaintiff's spouse called defendant again to confirm that the account was paid in full and deleted with credit reporting agencies. Id. at APX-004, -018. On November 27, 2017, plaintiff initiated another CFPB complaint seeking to have

---

[5] The declaration says the letter was received July 10, but the letter and fax transmission sheet reflect a date of July 7. The date is not material.

6

the account deleted.[6] Id. at APX-005, -018 to -019, -049 to -051. Defendant again confirmed that the account had been paid in full and on June 1, 2017, had been reported to the credit reporting agencies as deleted. Id. On November 27, 2017, defendant sent another "paid in full" letter to plaintiff. Id. at APX-005, -054.

Defendant has a procedure in place to prevent the generation of collection letters after an account has been paid. Doc. 23 at APX-005. Its personnel are trained and tested to make sure they understand how the system works. Id. at APX-005 to -006. The generation of the July 4, 2017 letter was the result of a mistake by an employee. Id. at APX-003 to -004. The error was an extremely uncommon occurrence. Id. at APX-006.

V.

Analysis

The law is clear that once a consumer has paid a debt in full, there is no debt as defined in the FDCPA and the FDCPA does not apply to post-collection activities. See, e.g., Huffman v. BC Servs., Inc., No. 16-CV-02431-KLM, 2017 WL 2537106, at *3 (D. Colo. June 9, 2017); Naroq v. Certegy Check Servs., Inc., 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011); Winter v. I.C. Sys., Inc., 543 F. Supp. 2d 1210, 1213-14 (S.D. Cal. 2008); Posso v. ASTA

---

[6]The complaint recited that plaintiff had sent a check to pay off the account; the check was cashed on May 23; and, as of June 26, 2017, the account had not been removed or updated. Doc. 23 at APX-049.

Funding Inc., No. 07 C 4024, 2007 WL 3374400, at *3 (N.D. Ill. Nov. 9, 2007). Here, as in those cases, plaintiff paid his debt in full and defendant properly noted that the debt was paid and so reported it. The July 7 letter was an obvious mistake and not an attempt to collect the debt, which had been paid in full. And, indeed, plaintiff was notified on multiple occasions that such was the case.

Plaintiff argues that his case is like that of Fetters v. Paragon Way, Inc., No. 1:10-CV-00904, 2010 WL 5174989 (M.D. Pa. Dec. 15, 2010). In Fetters, although the plaintiff paid the debt, the debt collector did not correctly reflect that payment had been made and continued to report the account to credit bureaus as an open collection account. As a result, the plaintiff was unable to obtain a mortgage loan. 2010 WL 5174989, at *1. Plaintiff's case is nothing like Fetters.

Even if the FDCPA applied, and it does not, defendant is entitled to the bona fide error defense. That is, a debt collector may not be held liable if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error. 15 U.S.C. § 1692k(c). See Owen v. I.C. Sys., Inc., 629 F.3d 1263 (11th Cir. 2011); Russell v. Equifax A.R.S., 74 F.3d 30

8

(2d Cir. 1996). In response, plaintiff simply argues that whether defendant is entitled to the bona fide error defense is a fact question.[7] Doc. 28 at 15-16. He has not, however, come forward with any summary judgment evidence to rebut the declaration supporting defendant's motion. Defendant has met its burden of establishing the defense and is entitled to judgment. See <u>Puglisi v. Debt Recovery Solutions, LLC</u>, 822 F. Supp. 2d 218 (E.D.N.Y. 2011)(granting summary judgment as to bona fide error defense); <u>Frye v. Bowman, Heintz, Boscia & Vician, P.C.</u>, 193 F. Supp. 2d 1070 (S.D. Ind. 2002)(same).

Finally, defendant seeks an award of attorney's fees against plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and against plaintiff and his attorneys pursuant to 28 U.S.C. § 1927. The court notes that this relief was sought in defendant's answer to the complaint. Doc. 12. Despite his protestations to the contrary, plaintiff has long known of the defenses to his claims, yet persisted in prosecuting this action. Nevertheless, defendant offers no proof that plaintiff brought this action in bad faith and for the purpose of harassment. Nor does it show that plaintiff's attorneys vexatiously multiplied the proceedings. Accordingly, the request for attorney's fees will be denied.

---

[7]The response is obviously boilerplate copied from another brief. Doc. 28 at 16 (referring to the plaintiff as "Mr. Garcia.")

VI.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and plaintiff take nothing on his claims against defendant.

The court further ORDERS that the request for an award of attorney's fees be, and is hereby, denied.

SIGNED February 21, 2019.

_____
JOHN McBRYDE
United States District Judge